# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **KEYDERMAN JOSE BLANCO VILLAMIZAR,** *et al.*, <br><br> *Defendants.* | **CRIMINAL ACTION NO.** <br> **3:24-cr-00035-TES-CHW-1** <br> **3:24-cr-00035-TES-CHW-2** <br> **3:24-cr-00035-TES-CHW-5** |

## ORDER CONTINUING TRIAL IN THE INTERESTS OF JUSTICE

Before the Court are Defendant Karol Tellez Duarte's Motion to Continue [Doc. 45] and the United States' Unopposed Motion to Continue [Doc. 46] regarding Defendants Keyderman Jose Blanco Villamizar and Douglas Rondon Villarroel. On November 21, 2024, the Grand Jury returned a three-count Indictment [Doc. 1] charging Defendants with Conspiracy to Commit Bank Fraud, Bank Fraud, and Bank Larceny in violation of 18 U.S.C. §§ 1349, 1344, 2, and 2113(b). Federal agents arrested Defendants Keyderman Jose Blanco Villamizar (1), Karol Tellez Duarte (2), and Douglas Rondon Villarroel (5) in New York City on December 10, 2024. On January 23, 2025, Defendants pled not guilty at their arraignments and remain detained pending trial.[1] [Doc. 25]; [Doc. 17]; [Doc. 23]. On January 30, 2025, the Court continued this case for the first time,

---

[1] No Defendant contests the Court's Orders of Detention Pending Trial. [Doc. 39]; [Doc. 40]; [Doc. 41]; [Doc. 42]; *see* [Doc. 14]; [Doc. 34]; [Doc. 37]; [Doc. 38].

continuing the Pretrial Conference until March 12, 2025, and the trial of this matter until April 21, 2025. [Doc. 44]. Defendant Duarte and the Government now seek a second continuance. *See* [Doc. 45]; [Doc. 46].

In support of her Motion [Doc. 45], Defendant Duarte states that she had not yet received the voluminous discovery as of March 3, 2025, and asserts that "[a]dditional time is needed" to review it—especially because she is detained pending trial and requires an interpreter. [Doc. 45, ¶¶ 7–8]. The Government does not oppose the requested continuance. [*Id.* at ¶ 9]; [Doc. 47, p. 1].

In support of its Motion [Doc. 46], the Government states that due to the sheer volume of the discovery (approximately one terabyte), "there will not be sufficient time for defense counsel to review [it] prior to" the Pretrial Conference. [Doc. 46, ¶ 2]. The Government argues that "[a] continuance is needed . . . to allow defense counsel adequate time to review the discovery material with their clients and to engage in meaningful plea discussions with the Government if they so choose," and represents that Defendants Villamizar and Villarroel do not oppose the continuance. [*Id.* at ¶ 3].

Additionally, Defendant Duarte requests that the delay resulting from her requested continuance not be excluded from the Speedy Trial clock. [Doc. 45, p. 1]. She argues that it would be "manifestly unfair" to force her "to choose between exercising her rights to a speedy trial and her due process rights to be adequately prepared for trial all because of the Government's delay." [*Id.* at p. 4].

2

In its Response, the Government attributes the delay to technical issues experienced by litigation support personnel while copying the discovery out of the U.S. Attorney's Office in Columbus, Georgia. [Doc. 47, p. 1]. It notes that "numerous electronic devices were seized from [Defendant Duarte] and her indicted and unindicted co-conspirators," some of which "were analyzed in New York and had to be shipped back to Georgia, while other devices were transported back to Georgia to be analyzed by the FBI Atlanta Field Division." [*Id.* at p. 2]. Moreover, the Government explains that the process was further complicated because most "of the communications found on the devices were in Spanish," and because agents "had to travel to and obtain additional evidence . . . from jurisdictions outside of Georgia" after learning that Defendant was allegedly "involved in other acts of 'jackpotting' bank fraud in other states." [*Id.*].

The Court finds that granting Defendant Duarte's and the Government's requests serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The Court further finds that the ends of justice served by continuing this case outweigh the interests of Defendant and the public in a speedy trial. *See id.* Because the discovery in this case involves voluminous digital evidence from multiple devices, much of which is in a foreign language, concerning multiple alleged bank fraud schemes spanning several jurisdictions, failure to grant the requested continuances would deny all parties "the reasonable time necessary for effective preparation, taking into account the exercise of

due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Accordingly, the Court **GRANTS** the Defendant Duarte's Motion [Doc. 45], **GRANTS** Government's Motion [Doc. 46], and **CONTINUES** the Pretrial Conference until April 7, 2025, and the trial of this matter until May 27, 2025. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

**SO ORDERED**, this 11th day of March, 2025.

                                          S/ Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**